# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Amy J. St. Eve | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 4356 | **DATE** | 9/26/2002 |
| **CASE TITLE** | Thomas Johnson vs. Tellabs, et al | | |

**MOTION:**

[In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1)  ☐  Filed motion of [ use listing in "Motion" box above.]

(2)  ☐  Brief in support of motion due _____.

(3)  ☐  Answer brief to motion due_____.  Reply to answer brief due_____.

(4)  ☐  Ruling/Hearing on _____ set for _____ at _____.

(5)  ☐  Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6)  ☐  Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7)  ☐  Trial[set for/re-set for] on _____ at _____.

(8)  ☐  [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9)  ☐  This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10)  ■  [Other docket entry]  Enter Memorandum Opinion and Order. Makor Issues' motion to serve as lead plaintiff is granted. In addition, Makor Issues' motion to approve the selection of Milberg Weiss Bershad Hynes and Lerach LLP as lead counsel and Miller Faucher and Cafferty LLP as liaison counsel is also granted. Plaintiffs are to file their Amended Consolidated Complaint by 11/12/02.

(11)  ■  [For further detail see order attached to the original minute order.]

| | | | | | |
|---|---|---|---|---|---|
| | No notices required, advised in open court. | | | | **Document Number** |
| | No notices required. | | number of notices | | |
| | Notices mailed by judge's staff. | | | | |
| | Notified counsel by telephone. | SEP 2 7 2002 | | | |
| ✓ | Docketing to mail notices. | date docketed | | | 34 |
| | Mail AO 450 form. | | docketing deputy initials | | |
| | Copy to judge/magistrate judge. | | | | |
| | | U.S. DISTRICT COURT | date mailed notice | | |
| TH | courtroom deputy's initials | | | | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | | |

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

THOMAS JOHNSON       )
                      )
       Plaintiff,     )
                      )     Case No. 02 C 4356
     v.                )
                      )     Honorable Judge Amy J. St. Eve
TELLABS, INC. MICHAEL J. BIRCK, )
and RICHARD C. NOTEBAERT,    )
                      )
       Defendants.    )

## MEMORANDUM OPINION AND ORDER

This is a complex securities fraud case brought as a putative class action against Tellabs, Inc., Michael Birck, and Richard C. Notebaert.[1] The case involves alleged violations of Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 and Rule 10b-5. The purported class includes all persons who purchased Tellabs stock during the approximate six month period from December 11, 2000 through June 19, 2001. Four plaintiffs have filed motions seeking appointment as lead plaintiff and lead counsel in this action: (1) Makor Issues & Rights, Ltd. ("Makor Issues"); (2) the Bordelove Proposed Lead Plaintiffs (the "Bordelove Plaintiffs"); (3) the Carrier Group; and (4) Daniel Dawdy.

On September 17, 2002, the parties appeared before the Court on their motions seeking appointment as lead plaintiff and approval of lead counsel. At that time, the Court directed each

---

[1] The Court recently consolidated with this case another eight separate lawsuits against Tellabs raising substantially the same allegations: *Gambino v. Tellabs, Inc., et al.,* No. 02 C 4709; *McBride v. Tellabs, Inc., et al.,* No. 02 C 4993; *Potash v. Tellabs, Inc., et al.,* No. 02 C 5010; *Scannell v. Tellabs, Inc., et al.,* No. 02 C 5011; *Hart v. Tellabs, Inc., et al.,* No. 02 C 5288; *Ernswell Investments, Inc. v. Tellabs, Inc., et al.,* No. 02 C 5347; *Davis v. Tellabs, Inc., et al.,* No. 02 C 5353; and *Dunbar v. Tellabs, Inc., et al.,* No. 02 C 5498.

party to supplement their motions with additional information concerning their suitability as lead plaintiff and their selection for lead counsel, including: (1) the total shares of Tellabs stock purchased during the proposed class period; (2) the net shares of Tellabs stock they purchased during the proposed class period; (3) the net amounts spent on Tellabs stock during the proposed class period; (4) the amount of losses suffered during the class period; (5) anticipated fees from proposed lead counsel; and (6) a description from proposed lead counsel of anticipated staffing. Pursuant to the Court's order, Makor Issues and the Bordelove Plaintiffs made supplemental filings with the requested information. The Carrier Group withdrew its application, and Daniel Dawdy failed to submit the supplemental information.

For the reasons set forth below, the Court grants Makor Issues' motion to serve as lead plaintiff, and approves Makor Issues' selection of Millberg Weiss Bershad Hynes & Lerach LLP as lead counsel and Miller Faucher and Cafferty LLP as liaison counsel.

## ANALYSIS

### I.    SELECTION OF LEAD PLAINTIFF.

The Private Securities Litigation Reform Act of 1995 ("PSLRA") provides guidelines for the appointment of a lead plaintiff in a securities class action. The PSLRA requires that the Court "appoint as a lead plaintiff the member or members of the purported plaintiff class that the court determines to be most capable of adequately representing the interests of the class member." 15 U.S.C. § 78u-4(a)(3)(B)(i).

The PSLRA establishes a rebuttable presumption that the "most adequate plaintiff" is the one who "has either filed the complaint or made a motion in response to a notice," "has the largest financial interest in the relief sought," and "otherwise satisfies the requirements of Rule

2

23 of the Federal Rules of Civil Procedure." 15 U.S.C. 78u-4(a)(3)(B)(iii)(aa); (bb); and (cc). This presumption may be rebutted, however, if a member of the purported class establishes that the "presumptively most adequate plaintiff will not fairly and adequately protect the interests of the class or is subject to unique defenses that render such plaintiff incapable of adequately representing the class." 15 U.S.C. § 78u-4(a)(3)(B)(iv).

In this case, Makor Issues most sufficiently meets the requirement for lead plaintiff under the PSLRA and is therefore appointed as lead counsel. *Mayo v. Apropos Technology, Inc.*, No. 01 C 8406, 2002 WL 193393 at *3-4 (N.D. Ill. Feb. 7, 2002).

### A.     Timely Filings.

On July 2, 2002, the plaintiff published the required notice informing the class members of their right to file a motion for appointment as lead plaintiff, and thus, motions for appointment as lead counsel were due by September 3, 2002. *See* 15 U.S.C. 77z-1(a)(3)(A)(i)(II). Makor Issues filed its motion for appointment as lead plaintiff on September 3, 2002, and its motion was, therefore, timely.

### B.     Largest Financial Interest.

Based on the present record, Makor Issues has the largest financial interest in the relief sought. Specifically, Makor Issues contends that it purchased 237,846 shares of Tellabs stock during the purported class period. The total purchase price for these shares was $6,687,713. In contrast, the Bordelove plaintiffs purchased 18,500 shares of Tellabs stock at a total purchase price of $679,288. In addition, Makor Issues claims losses of $1,072,364 from its purchase of Tellabs stock during this period, compared to the Bordelove Plaintiff's claimed reported losses of

$386,016.[2] Because it purchased more shares, expending more money and has the greatest claimed losses, Makor Issues is the plaintiff with the largest financial interest in the case.

## C.    The Requirements of Rule 23.

Finally, Makor Issues has also satisfied its burden by making a preliminary showing that it satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure. *See* 15 U.S.C. 78u-4(a)(3)(B)(iii)(I)(cc). Rule 23(a) provides that a party may serve as a class representative "only if: (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims and defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a). In selecting the lead plaintiff under the PSLRA, however, typicality and adequacy of representation are the only relevant considerations. *Lax v. First Merchants Acceptance Corp.*, 1997 WL 461036 at *6 (N.D. Ill. Aug. 11, 1997) ("'[a] wide-ranging analysis under Rule 23 is not appropriate and should be left for consideration of a motion for class certification. This inquiry, therefore, focuses on . . . typicality and adequacy.'") (brackets in original; citation omitted).

Under Rule 23(a), the plaintiff's claims are typical if they "arise[] from the same event or practice or course of conduct that gives rise to the claims of class members and his or her claims are based on the same legal theory." *Rosario v. Livaditis*, 963 F.2d 1013, 1018 (7th Cir. 1992) (quotations omitted). The claims of the class representative need not be identical to satisfy the typicality requirement. Typicality exists, however, even if there are some factual distinctions

---

[2] Of course, at this stage, the Court has received information concerning only various plaintiffs' *claimed* losses. No evidence has been preferred and no decision has been rendered as to the legally compensable damages, if any, based on plaintiffs' allegations.

between the claims of the named plaintiff and those of other class members. *De La Fuente v. Stokley-Van Camp, Inc.*, 713 F.2d 225, 232 (7th Cir. 1983). Here, for purposes of selecting the lead plaintiff, Makor Issues satisfies the typicality requirement because it (1) purchased Tellabs securities during the purported class period; (2) paid prices allegedly inflated because of claimed false and misleading statements by the defendants; and (3) thereby allegedly suffered damages. *Mayo*, 2002 WL 193393, at *4.

As to the adequacy requirement, the plaintiff must demonstrate that (1) his claims are not antagonistic or in conflict with those of the class; (2) he has sufficient interest in the outcome of the case to ensure vigorous advocacy; and (3) he is represented by competent, experienced counsel who be able to prosecute the litigation vigorously. *Id.*; *Fischler v. Amsouth Bancorporation*, No. , 1997 WL 118429, at *3 (M.D. Fla. Feb. 6, 1997). In this case, there is no evidence of any conflict between the interests of Makor Issues and the purported class. Further, Makor Issues appears to have a substantial interest in the outcome of this case and is represented by competent, experienced counsel. Thus, for purposes of selecting the lead plaintiff, it is clear that Makor Issues satisfies the adequacy requirement.

## II.    SELECTION OF LEAD COUNSEL.

The PSLRA provides that the "most adequate plaintiff, shall, subject to the approval of the court, select and retain counsel to represent the class" 15 U.S.C. 78u-4(a)(3)(v). Thus, although Makor Issues can identify counsel that it would prefer to have represent its interests in the lawsuit, "[t]he decision to approve counsel selected by the lead plaintiff is a matter within the discretion of the district court." *In re Party City Securities Litigation*, 189 F.R.D. 91, 114 (D.N.J. 1999).

Makor Issues has selected the firm of Millberg Weiss Bershad Hynes & Lerach LLP as proposed lead counsel and Miller Faucher and Cafferty LLP as proposed liaison counsel. Both firms have substantial experience in securities class action litigation. Millberg Weiss has represented to the Court that it intends to initially staff the case with one partner and one senior associate, but that "[a]s the demands of the litigation increase, Millberg Weiss . . . will increase its commitment of professionals accordingly." (R. 33-1, Supp. Filing of Makor Issues & Rights in Further Support of its Motion for Appointment as Lead Plaintiff and Approval of Selection of Lead Counsel, at 3.) Further, Millberg Weiss anticipates seeking an award of attorneys' fees as a percentage of the "common fund" should such a fund be created. Millberg Weiss has represented that "[u]nder no circumstances would the fee application exceed [33% of the fund]." (*Id.* at 4.)

Makor Issues suggests, however, that the issue of fees should not intrude on the approval of plaintiff's selection of lead counsel, suggesting that the Court's authority to reject a fee proposal at the conclusion of the litigation better promotes efficiency and creates greater incentives for the attorneys to maximize the recover for the class. (*Id.*) Several courts have questioned the suggestion that potential attorneys' fees are irrelevant to the approval of lead and liaison counsel. As Judge Shadur has noted, "if the presumptive lead plaintiffs were to insist on their class counsel handling the action on . . . [a] materially less favorable contractual basis, that insistence would effectively rebut the presumption that the putative class representatives, despite the amounts that they have at stake personally, were indeed the 'most adequate plaintiffs' . . . " *In re Bank One Shareholders Class Actions*, 96 F.Supp.2d 780, 784 (N.D. Ill. 2000). Because the anticipated staffing and proposed fees suggested by Millberg Weiss do not appear patently unreasonable, the Court will not disapprove Makor Issues' selection of that firm as proposed lead

counsel. The Court hereby places the parties on notice, however, that it will carefully scrutinize any proposed fee award and will not hesitate to reject such an award if it proves to be unreasonable. *See* 15 U.S.C. § 78u-4(a)(6) (limiting the total award of attorneys' fees and expenses to "a reasonable percentage of the amount of any damages and prejudgment interest actually paid to the class"). *See also In re Sprint Corp. Sec. Litig.*, 164 F.Supp.2d 1240, 1244 (D. Kan. 2001) ("Co-lead counsel are hereby on notice that the court will not approve any possible award of fees and expenses that reflects duplication, inefficiency, or the costs of coordinating the efforts of the two firms.").

Accordingly, the Court approves Makor Issues' selection of Millberg Weiss as lead counsel and Miller Faucher as liaison counsel.

## CONCLUSION

Makor Issues' motion to serve as lead plaintiff is granted. In addition, Makor Issues' motion to approve the selection of Millberg Weiss as lead counsel and Miller Faucher as liaison counsel is also granted.

Dated: September 26, 2002

AMY J. ST. EVE
U.S. District Court Judge

7