**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

MAKOR ISSUES & RIGHTS, LTD., )
CHRIS BROHOLM, RICHARD LEBRUN, )
*et al.*, )
                        Plaintiffs, )
                                                   )
             v. )
                                                     )
TELLABS, INC., MICHAEL J. BIRCK, )    No. 02 C 4356
RICHARD C. NOTEBAERT, *et al.*, )
                                                     )
                        Defendants. )

## MEMORANDUM OPINION AND ORDER

AMY J. ST. EVE, District Court Judge:

      Defendants have moved to dismiss portions of Plaintiffs' Second Amended Complaint. For the reasons below, Defendants' motion is granted in part and denied in part.

      Given the long procedural history of this case, for purposes of this Order the Court assumes familiarity with the underlying factual allegations. A brief review of the procedural posture of the litigation is necessary. In June 2002, Plaintiffs filed a putative class action lawsuit on behalf of various individuals and persons who purchased common stock of Defendant Tellabs between December 11, 2000 and June 19, 2001. The Court granted Defendants' motion to dismiss Plaintiffs' complaint in its entirety, but permitted Plaintiffs to amend. *See Johnson v. Tellabs, Inc.*, 262 F. Supp. 2d 937, 939 (N.D. Ill. 2003) (*Johnson I*). Shortly thereafter, Plaintiffs filed a Second Amended Complaint ("SAC") containing additional factual allegations. (*See* R. 63-1; *see also Johnson v. Tellabs, Inc.*, 303 F. Supp. 2d 941, 945 (N.D. Ill. 2004) (*Johnson II*)). After determining that the SAC failed to properly plead an underlying 10b-5 violation, and reasoning that the remaining allegations were dependent on an underlying 10b-5 violation, this

Court granted Defendants' motion to dismiss each count of the SAC, with prejudice. *Johnson II*, 303 F. Supp. 2d at 971. On appeal, the Seventh Circuit affirmed in part and reversed in part, holding that Plaintiffs sufficiently plead claims under Section 10(b) against Defendants Tellabs and Notebaert and properly plead control person liability claims under Section 20(a) against both Notebaert and Birck. *See Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 437 F.3d 588, 603-05 (7th Cir. 2006) (*Makor I*). The Court of Appeals took no position on Plaintiffs' Section 20A insider trading claim against Defendant Birck. *Id.* at 605 ("No party in this litigation has provided more than cursory briefing of this issue, and therefore we take no position on its resolution, leaving it for further factual and legal development during the course of the litigation."), *modified by* 2006 U.S. App. LEXIS 17252 (7th Cir. 2006). The Supreme Court reversed the Seventh Circuit's interpretation of the *scienter* requirement of a 10(b) claim and remanded the case for further review consistent with the Supreme Court's clarifications. *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 127 S. Ct. 2499, 2509 (2007) (*Makor II*). On remand from the Supreme Court, the Seventh Circuit adhered to its prior decision in *Makor I* and remanded the case to this Court. *Makor Issues & Rights, Ltd. v. Tellabs Inc.*, 513 F.3d 702, 705 (7th Cir. 2008) (*Makor III*).

As it currently stands, the SAC alleges three statutory violations against varying Defendants. First, Plaintiffs allege violations of Section 10(b) of the Securities and Exchange Act of 1934 by Defendants Tellabs and Richard Notebaert. 15 U.S.C. § 78j; SEC Rule 10b-5; 17 C.F.R. § 240.10b-5. Second, Plaintiffs allege that Defendants Birck and Notebart were "control persons" and thus liable under Section 20(a) of the Securities and Exchange Act. 15 U.S.C. § 78(t). Finally, Plaintiffs contend that Defendant Birck engaged in illegal insider trading in violation of Section 20A of the Act. 15 U.S.C. § 78t-1.

With their current motion, Defendants seek to dismiss two sets of Plaintiffs' allegations.

First, Defendants have moved to dismiss Plaintiffs' Section 20A insider trader claim against Defendant Birk given that the Court previously dismissed the underlying Section 10(b) claim against Birck. The resolution of this issue was specifically left open by the Court of Appeals in *Makor I* "for further factual and legal development during the course of the litigation." *See* 437 F.3d at 605, *modified by* 2006 U.S. App. LEXIS 17252. Second, Defendants argue that many of Plaintiffs' claims fail to sufficiently plead the requirements of loss causation, as discussed by the Supreme Court in *Dura Pharms., Inc. v. Broudo*, 544 U.S. 336 (2005).

## ANALYSIS

### I.     Insider Trading

Plaintiffs have brought, and Defendants with this motion seek to dismiss, a claim against Defendant Birck under Section 20A of the Securities Exchange Act, which provides a private cause of action against persons engaged in insider trading. *See* 15 U.S.C. § 78t-1(a). Under Section 20A, a person who purchases or sells a security "while in possession of material, nonpublic information" may be liable for insider trading. *See id.* To create potential liability under Section 20A, Plaintiffs must first show that Defendant Birck committed an independent violation of "this chapter or the rules or regulations thereunder." *Id.* In other words, Section 20A claims "are derivative, requiring proof of a separate underlying violation of the Exchange Act." *See Makor III*, 437 F.3d at 605 (*citing In re Advanta Corp. Sec. Litig.*, 180 F.3d 525, 541 (3d Cir. 1999)), *modified by* 2006 U.S. App. LEXIS 17252. Defendants contend that because the Section 10(b) claims against Birck have been dismissed, Birck does not stand accused of committing any "separate underlying violation of the Exchange Act" upon which Section 20A liability could be predicated. Plaintiffs agree that the Section 10(b) allegations against Birck are no longer in play, but argue the allegations that Birck was a "control person" (under Section

20(a) of the Exchange Act) provide the requisite "underlying violation" to support a Section 20A claim.

Defendants contend, however, that Section 20A liability cannot be based on just any predicate violation of the Securities Act, but must be based upon a violation which involves insider trading. *See In re Refco, Inc. Sec. Litig.*, 503 F. Supp. 2d 611, 664 (S.D.N.Y. 2007) ("Not all violations of the Exchange Act can serve as predicate violations for purposes of § 20A; the predicate violation must be an act of insider trading."). The Court agrees with Defendants' interpretation of Section 20A, which reads:

> Any person who violates any provision of this title or the rules or regulations thereunder ***by purchasing or selling a security while in possession of material, nonpublic information shall be liable***…

15 U.S.C. § 78t-1(a) (emphasis supplied). The language of Section 20A must be read in its entirety, giving meaning to each word of the statute. *See United States v. Misc. Firearms*, 376 F.3d 709, 712 (7th Cir. Ill. 2004). As such, a Defendant may be liable under Section 20A only if he violates a provision of the Exchange Act *by* trading securities while in possession of material, nonpublic information. *Refco*, 503 F. Supp. 2d at 664. Focusing on the emphasized portion of the statutory language, Defendants argue that Birck is not alleged to have violated Section 20(a) *by* purchasing or selling (*i.e.* trading) a security; but rather Birck is alleged to have violated Section 20(a) by controlling Tellabs (and perhaps Notebart) – neither of which is alleged to have engaged in insider trading.[1] *See* R. 63-1, SAC at ¶ 144 (showing, in graphical format, the

---

[1]The Seventh Circuit held that Plaintiffs properly plead Rule 10-b violations against Defendants Tellabs and Notebaert, but not Birck. *Makor I*, 437 F.3d at 603-604; *Makor III*, 513 F.3d at 712. The Court of Appeals also held that Birck and Notebart are potentially liable under Section 20(a) as controllers of Tellabs – a "person" alleged to have violated Rule 10-b. *Makor I*, 437 F.3d at 605. Importantly, however, neither Tellabs nor Notebart are alleged to have engaged in trading (let alone insider trading) of any securities. Thus by no logical extension of the 20(a) claim is Birck alleged to have controlled any person (or entity) engaged in insider trading.

individuals alleged to have been involved in insider trading). Thus, while Plaintiffs' Section 20(a) claim satisfies the first clause of Section 20A – because Birck allegedly violated section 20(a) of the Exchange Act – it does not satisfy the second clause because Birck is not alleged to have violated Section 20(a) *by* engaging in insider trading (or by controlling someone who did).[2] Accordingly, Plaintiffs have failed to state a Section 20A insider trader claim against Defendant Birck under 15 U.S.C. § 78t-1(a), and the Court dismisses the Section 20A claim (Count V) against Birck. *See, e.g.*, *In re Openwave Sys. Secs. Litig.*, 528 F. Supp. 2d 236, 256 (S.D.N.Y. 2007) (dismissing Section 20A claim as to Defendant Peterschmidt against whom a Section 20(a) control-liability claim was properly alleged because Plaintiff did not allege that Peterschmidt was "in possession of material, nonpublic information" at the time of the trade).

## II.     Loss Causation

Defendants next contend that Plaintiffs have failed to properly plead that Defendants' fraud caused Plaintiffs' economic loss. This requisite element of securities fraud is, not surprisingly, referred to as "loss causation." *See, e.g.*, *Dura Pharms., Inc. v. Broudo*, 544 U.S. 336, 338 (2005). Before turning to the substance of Defendants' argument, the Court must first address whether Defendants have waived their loss causation argument by failing to bring it in a prior Rule 12(b)(6) motion. Under Rule 12(g)(2), "a party that makes a motion under [Rule 12] must not make another motion under this Rule raising a defense ... that was available to the party but omitted from its earlier motion." Fed. R. Civ. P. 12(g)(2). A related rule, Rule 12(h)(2), however, preserves a party's ability to make a failure to state a claim argument in three

---

[2]Because Plaintiffs have not alleged that Birck controlled a person engaged in insider trading, the Court need not, and does not, reach the legal issue of whether Section 20A liability may be predicated upon an allegation of control over an individual engaged in insider trading. *See generally, Refco*, 503 F. Supp. at 664-66.

situations: in any pleading under Rule 7(a), in a 12(c) motion, or at trial.[3] Because Defendants have presented their loss causation argument in a 12(b)(6) motion, however, the argument technically does not fall into any of the three exceptions to Rule 12(g) outlined in Rule 12(h)(2). *See* Fed. R. Civ. P. 12(h)(2). *Id.* Thus, Defendants' argument is technically waived – in the limited context of a 12(b)(6) motion – if the argument was "available" at the time of Defendants' earlier motions. *See* Fed. R. Civ. P. 12(g)(2); *see also 766347 Ontario, Ltd. v. Zurich Capital Mkts., Inc.*, 274 F. Supp. 2d 926, 930 (N.D. Ill. 2003) ("Rule 12(g) generally precludes a defendant from bringing successive motions to dismiss raising arguments that the defendant failed to raise at the first available opportunity."). Defendants contend that their loss causation argument was unavailable to them at the time of their earlier 12(b)(6) motions because it rests on the Supreme Court's decision in *Dura*, which was decided after this Court ruled on Defendants' prior motions to dismiss. While Defendants are correct on the timing, *Dura* for the most part confirmed the approach to loss causation long advocated by the Seventh Circuit. *See, e.g.*, *Ray v. Citigroup Global Mkts.*, 482 F.3d 991, 995 (7th Cir. 2007) (noting that the Seventh Circuit made the same point about loss causation "years before *Dura*" in *Bastian v. Petren Resources Corp.*, 892 F.2d 680, 683 (7th Cir. 1990)); *see also Dura*, 544 U.S. at 340 (citing *Bastian*, 892 F.2d at 685). As such, this argument was plainly "available" to Defendants prior to the Supreme Court's decision in *Dura* and Defendants have therefore waived the argument for purposes of a 12(b)(6) motion. Defendants' motion is denied on this ground.

**CONCLUSION**

---

[3]Had Defendants waited until after the pleadings closed to file this motion, the Court could then convert Defendants' motion to a 12(c) motion. *See, e.g., McMillan v. Collection Professionals, Inc.*, 455 F.3d 754, 757 (7th Cir. 2006) ("[A] 12(b)(6) motion filed after an answer has been filed is to be treated as a 12(c) motion for judgment on the pleadings..."); Fed. R. Civ. P. 12(c)("After the pleadings are closed ... a party may move for judgment on the pleadings."). Defendants, however, have not yet answered the SAC.

For the reasons above, the Court grants in part and denies in part Defendants' motion to dismiss. Defendants must answer the SAC on or before June 17, 2008.

**Dated:** May 23, 2008

**ENTERED**

_____
**AMY J. ST. EVE**

**United States District Court Judge**